# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV470-C

| | |
|---|---|
| GNU-CO., INC., ) ) Plaintiff, ) ) vs. ) ) TIM BRADLEY, ) ) Defendant/Counterclaimant, ) ) vs. ) ) GNU-CO, INC., BLAIR GAYNOR, and ) CAROLYN GAYNOR, ) ) Counterclaim Defendants. ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendant Tim Bradley's Motion to Compel Discovery and Incorporated Memorandum of Law" (document #22) filed July 28, 2005; and the Plaintiff's and Counterclaim Defendants' "Response ... and Motion for Protective Order" (document #24) filed August 12, 2005.

On August 25, 2005, the Defendant filed his "Response to ... Motion for Protective Order and Reply Memorandum in Support of ... Motion to Compel" (document #27).

The Plaintiff and Counterclaim Defendants have not filed a reply in support of their Motion for Protective Order and the time for filing a reply has expired.

On June 28, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> both the Defendant's Motion to Compel and the Plaintiff's and Counterclaim Defendants' Motion for Protective Order, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is a an action for damages following the breach of an alleged oral contract. The Plaintiff, GNU-CO., Inc. ("GNU"), is a North Carolina corporation with its principal place of business in Union County, North Carolina, that, among other things, does business under the name "Sound Mat" in the "hardwood construction mat" industry.[1] The Counterclaim Defendants, Blair and Carolyn Gaynor ("the Gaynors"), are GNU's sole shareholders and principal officers and are also North Carolina citizens. The Defendant Timothy Bradley is a citizen of Idaho.

In its Complaint, GNU alleges that in April 2002, it entered into a "verbal agreement" with the Defendant, whereby he would serve as an "exclusive" sales representative for Sound Mat, that is, to buy and sell mats on GNU's behalf; that he would be paid a 25% commission on sales and a 15% commission on purchases; and that GNU would pay all of his expenses, including providing him a fax machine and telephone. The Plaintiff contends "on information and belief" that the Defendant had no experience in the mat industry prior to entering into the April 2002 agreement.

In his Answer and present briefs, the Defendant presents a sharply different version of the facts, contending that he had been working in the timber industry since 1993, through his closely-held corporation, Sound Forest Products, Inc., and that he began buying and selling mats in early

---

[1] According to the parties' briefs, "mats" refers to hardwood timbers that are interlocked and placed on the ground for timber harvesting equipment and other machinery to drive upon where there is not otherwise an adequate roadway.

2002, before he entered into the oral agreement with the Plaintiff. The Defendant further alleges that his relationship with the Plaintiff was not exclusive and that GNU and the Gaynors were "aware, approved of, and authorized" the Defendant to compete with GNU in the marketplace.

The Defendant also contends that he was entitled to 50% of the profits on all mat transactions – buying or selling – that he arranged for GNU, but that rather than pay him the amount he was due, the Gaynors "cooked the books" in order to show lower profits. The Defendant alleges "upon information and belief" that GNU and the Gaynors improperly deducted insurance premiums, financing fees, and "reload" fees from profits generated by sales and purchases he made, including charging expenses to the Defendant's transactions either that were never paid or that were incurred in transactions unrelated to the Defendant's activities. The Defendant also contends that the Plaintiff failed to pay his telephone expenses.

The parties agree that on March 16, 2004, the Defendant "resigned" his position with GNU, but continued to compete with the Plaintiff in the mat industry. The Plaintiff alleges additionally that even after he had resigned, the Defendant continued to represent to potential customers that he was acting on behalf of Sound Mat.

The Defendant denies that he improperly competed with the Plaintiff. He alleges, instead, that after he resigned from GNU, Mr. Gaynor filed a "false police report" with the Police Department in Falls Post, Idaho, reporting that the Defendant had made "fraudulent" use of the Plaintiff's Federal Express Account, when, in fact, at the time he had used the account, the Defendant had been authorized to do so. There is no indication in the record whether the Defendant was formally charged with a crime, but the Defendant states in his initial memorandum that the "prosecution" was later "terminated."

On April 9, 2004, the Plaintiff filed its Complaint in the Superior Court of Union County, North Carolina, alleging claims for breach of contract, breach of duty of loyalty, unfair and deceptive trade practices, and violation of North Carolina's Trade Secret Protection Act, N.C. Gen. Stat. § 66-152, et seq., and seeking compensatory and punitive damages in excess of $75,000.

On September 9, 2004, the Defendant removed the state lawsuit to federal court, alleging diversity jurisdiction. Removal has not been challenged and appears proper.

On September 14, 2004, the Defendant filed both an Answer, and a Counterclaim against both GNU and the Gaynors, seeking damages for breach of contract, fraudulent misrepresentation, and malicious prosecution.

On February 25, 2002, the Honorable Graham C. Mullen entered a "Pretrial Order and Case Management Plan," setting the respective discovery and dispositive motions deadlines for July 30 and August 30, 2005. See document #15.

On April 6, 2005, the Defendant served the Plaintiff and Counterclaim Defendants with his "First Set of Interrogatories and First Request for Production of Documents," which seek, among other things, GNU's records for all of its mat sales and purchases, that is, the requests are not limited to transactions involving the Defendant, as well as the production of its financial records in their entirety.

On May 25, 2005, Judge Mullen extended the discovery deadline to October 17, 2005. See "Order" (document #19).

On June 17, 2005, GNU and the Gaynors served their responses to the Defendant's discovery requests, but objected to producing GNU's business and financial records generally, that is, except as they related to sales and/or purchases that the Defendant arranged or where he otherwise had been

4

involved, contending that such production would be overly broad and unduly burdensome.

The parties' counsel subsequently exchanged a series of letters in an attempt to resolve the discovery dispute, and although GNU did make some supplemental production, the parties were unable to resolve all issues.

On July 28, 2005, the Defendant filed his Motion to Compel, requesting generally that the Plaintiff and Counterclaim Defendants be required to provide complete responses to his First Set of Interrogatories and First Request for Production of Documents.

On August 12, 2005, GNU and the Gaynors filed their Motion for Protective Order, re-asserting their objection to making responses unrelated to the Defendant's activities, and stating that otherwise, they have produced all responsive information and documents.

In his Reply, the Defendant re-states his belief that the Plaintiff and Counterclaim Defendants have deducted from his share of profits expenses that either were not actually paid or were chargeable to other transactions, and that absent essentially unfettered access to GNU's records, he cannot determine which charges were appropriate.

The parties' motions have been briefed as set forth above and are, therefore, ripe for determination.

## II. <u>DISCUSSION</u>

**A. <u>Discovery and Motions to Compel</u>**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location

> of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel or for a protective order is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (district courts' rulings on discovery motions reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Applying these principles to the facts in this case, and balancing the Defendant's right to conduct meaningful discovery with GNU's and the Gaynor's right to avoid the expense caused by and the intrusion inherent in overly-broad discovery, the Defendant has not yet shown that he is entitled to production of GNU's business and financial records generally. Indeed, at this point in the proceedings, the Defendant has articulated only a suspicion, alleged in his Counterclaim "upon information and belief," that the Plaintiff and Counterclaim Defendants have "cooked the books."

Accordingly, at this time, the Court will require GNU and the Gaynors to make complete supplemental responses to the Defendant's Interrogatories and Requests to Produce, but in the limited scope of information or documents that relate to transactions the Defendant arranged or

otherwise to his activities on behalf of GNU. Such responses may not be limited, however, to GNU's summary documents concerning the Defendant's transactions. Rather, the Plaintiff and Counterclaim Defendants must produce all responsive documents underlying their business, financial, and other records concerning the Defendant's transactions. For example, where GNU contends that the profit on a shipment of mats was reduced by the expense of insurance on that shipment, the records showing that the insurance premium was actually paid must be produced. Similarly, where GNU contends that mats that the Defendant sold had an associated cost basis, the documents supporting the calculation of that cost must be produced.

Moreover, where the Plaintiff and Counterclaim Defendants contend that they have already fully responded, within the scope described above, to a particular discovery request, they must certify the same in a formal discovery response.

Finally, the parties and their counsel are warned that failure to comply fully with the Court's Orders, the Local Rules, or the Rules of Civil Procedure, or to respond to the opposing party's reasonable discovery requests, is sanctionable under Fed. R. Civ. P. 37, <u>including by entry of default judgment, dismissal of claims with prejudice, and/or imposition of monetary sanctions, including attorneys' fees, against the offending party and/or its counsel</u>. <u>Accord</u> <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 55 F.3d 36, 40 (4th Cir. 1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir. 1993); <u>and</u> <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987).

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. "Defendant Tim Bradley's Motion to Compel Discovery" (document #22) and the Plaintiff's and Counterclaim Defendants' "Motion for Protective Order" (document #24) are **GRANTED IN PART** and **DENIED IN PART**, that is, on or before October 14, 2005, the Plaintiff and Counterclaim Defendants shall make full and complete supplemental responses, within the scope discussed above, to the Defendant's "First Set of Interrogatories and First Request for Production of Documents."

2. The discovery deadline is extended until November 30, 2005, and the dispositive motions deadline is extended until January 15, 2006.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

**Signed: September 14, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge